FRANK & BRO. *v.* W. M. COLTRAINE ET AL.

1. REAL ESTATE. *Sale by the acre. Bond for title. Deed.*
    Where land is bargained for and sold by the acre, and a bond for title is executed describing the land as so many acres and not by land numbers, and the buyer afterward takes a deed to the land which describes it by land numbers and not by acres, in a dispute as to the quantity of land actually bargained for, the bond for title will control and not the deed.

2. SAME. *Estoppel.*
    And in such case the buyer will not be estopped by the deed from showing that he did not get the number of acres bargained for.

APPEAL from the Circuit Court of Clay County.

HON. J. M. ARNOLD, Judge.

Frank & Bro. sued out an attachment against B. & B. C. Richardson, non-residents, and summoned W. M. Coltraine, Mary E. Coltraine, his wife, as garnishees, to answer what they owed B. Richardson. The garnishees answered that Mary E. Coltraine had purchased certain lands from B. Richardson, and certain lands from Sarah Ann Richardson, his wife, giving notes for the purchase-money; that the notes were payable to Sarah Ann Richardson, and were signed jointly by W. M. and Mary E. Coltraine, and that all the notes had been paid except the last note for four hundred and forty dollars, upon which note Sarah Ann Richardson had sued them in the Circuit Court of the United States; and that they resisted the payment of said note upon the ground that there was a deficit in the amount of land purchased from Richardson and wife which would not only cover the note, but leave Richardson and wife in their debt. They asked that Sarah Ann Richardson be cited to appear and contest her right to said note. Sarah Ann Richardson appeared by counsel, and it was agreed that the issue to be tried should be whether anything was due on the note above mentioned. Upon the trial of this issue it was shown that in 1879 W. M. Coltraine bought for his wife certain lands from B. Richardson and his wife, Sarah Ann Richardson; that the land was bought by the acre, at ten dollars per acre; that B. Richardson executed a bond for title to Mary E. Coltraine for one hundred and nineteen *acres,* and Sarah Ann Richardson executed her bond for title of eighty-six *acres ;* that the land was described in the bonds for title as so many *acres,* and not by numbers, metes, and bounds; that subsequently W. M. Coltraine wrote a deed from data furnished him by B. Richardson to the land, describing it by metes and bounds without reference to the number of acres, but reciting the entire consideration. This deed was in evidence. After the deed last mentioned was executed and recorded, Coltraine had the land surveyed and found that it did not contain the number of acres bargained for by forty-five acres, which, at ten dollars per acre, would more than cover the note in controversy, and therefore garnishees

did not consider themselves indebted on said note, and the court being of the same opinion, so decided, and Frank & Bro. appeal.

W. M. Coltraine during his examination made certain statements as to the contents of certain letters which had passed between him and B. Richardson in reference to the deficit in the number of acres bargained for.

The title bonds were not introduced, being on file in the United States Circuit Court.

The issue being tried before the court, counsel for appellants asked that the statements above referred to be excluded as secondary and that all testimony as to the number of acres bargained for and the price to be paid per acre, so far as it was intended to show that nothing was due on the note, be excluded on the ground that it was an attempt to contradict a written instrument by parol evidence.

*Barry & Beckett*, for the appellants.

1. In reference to the deficiency in the land, the bill of exceptions shows that the court below decided the case without reference to that testimony. But as the testimony is by the garnishee himself, and there is no conflict in the testimony, we would respectfully ask the court to reverse the ruling of the court below and enter judgment for the plaintiffs in the supreme court, with leave for Mrs. Sarah Ann Richardson to propound her claim to the fund in the court below. The deed, on its face, conveys the land by numbers and bounds, without any reference to the number of acres, and Coltraine and wife put it on record and have held under it ever since, and Coltraine actually drew it up himself.

2. The testimony of Coltraine as to the contract of ten dollars per acre for the land, and that Richardson sold him one hundred and twenty-six and a half acres, and his wife seventy-nine acres, was competent to show that of the entire debt that B. Richardson furnished the consideration to the proportion of one hundred and twenty-six and a half to two hundred and five and a half, and Mrs. Richardson only to the proportion of seventy-nine to two hundred and five and a half. In other words, that of the four notes for two thousand and fifty-five dollars in the aggregate, that the considera-

tion furnished by B. Richardson was one thousand two hundred and sixty-five dollars, or one hundred and twenty-six and a half acres at ten dollars per acre, and his wife seven hundred and ninety dollars, or seventy-nine acres at ten dollars per acre. But it was incompetent to contradict the deed and show that the garnishees did not owe the money. It was competent as to the plaintiffs to show that B. Richardson furnished a part of the consideration for the notes and in what proportion, but it was not competent for the garnishees to show that there was a deficiency in the land. To this extent it was objected to. *Kerr* v. *Kuykendall*, 44 Miss. 141; *Phipps* v. *Tarpley*, 24 Miss. 597; *Moore* v. *Vick*, 2 How. (Miss.) 746; *Kerr* v. *Calvert*, W. (Miss.) 115.

3. The garnishees had their election to refuse the deed as made or to accept it, and they were compelled to do one or the other. They could not accept it in part and reject it in part. They elected to put it on record and hold under it, and their election is final. Herman on Estoppel (Ed. 1871) 461–472.

*Beal & Henderson* and *Bradshaw & Randolph*, for the appellees.

1. In reference to the deficiency as to the quantity of the land, the general rule of law as announced by plaintiffs' attorney is correct. But there are exceptions, as shown by the authorities cited by them. This court has decided that a partial failure of consideration arising from a breach of covenant of warranty of title of land may be set up as a defense, but says that the safer rule is to leave the vendee to his action on the covenant. *Phipps* v. *Tarpley*, 31 Miss. 433. In this case the testimony shows that the Richardsons were nonresidents of this State and utterly insolvent, and, as the matter is now in a court of equity *in the Federal Court*, these questions can be fully settled. In the case of *Kerr* v. *Kuykendall*, also referred to by opposite counsel, the opinion is clearly announced that if the sale was by the acre relief would be granted for the deficit. And at the bottom of page 146 it is said: "If, however, the tract contains greatly more or less than was in the mind and contemplation of the parties, relief may be had." *Kerr* v. *Kuykendall*, 44 Miss. 146. In the case at bar there was nearly a shortage of one-fourth of the land sold.

39

| Conclusion of the briefs. | Commencement of the opinion. |
| --- | --- |

2. As to the liability of the garnishee, the answer of the garnishee is to be taken as true, and the onus is on the plaintiff, if it is contested, to show that it is false. *Swisher* v. *Fitch*, 1 S. & M. 541; *Thomas* v. *Sturgess*, 32 Miss. 261; *Williams* v. *Jones*, 42 Miss. 270; *Harvey* v. *Ellis*, 11 S. & M. 348. And it has been uniformly held that if the note be transferred no judgment could be entered against the garnishee. *Yarborough* v. *Thompson*, 3 S. & M. 291; *Thompson* v. *Shelby*, 3 S. & M. 296; *Frost* v. *Patrick*, 3 S. & M. 783. How much greater would be the reason in this case, where the note was not given to B. Richardson, the defendant in execution, but to Sarah Ann Richardson, and yet appellants ask that judgment may be entered here for them without showing any facts that could authorize this court to do so, and if so, for what sum and for whom.

CHALMERS, J., delivered the opinion of the court.

Mrs. Coltraine was garnished by Frank & Bro. as the debtor of one Richardson. By her witness, who was uncontradicted, she proved that she bought a tract of land by the acre from said Richardson, she to pay ten dollars per acre; that she had paid more than she had agreed to pay because of a deficiency in the land as represented, though there was still an outstanding note held by Richardson. The trade was represented by her notes on one side and the title bond on the other, in which latter the land was bargained by the acre and not by land-office numbers, though she afterward accepted and put upon record a deed in which the land was described not by acres, but by numbers. It is insisted that she is bound by the deed and not by the title bond, that the former calls for certain land by numbers, without anything being said about the quantity or the price per acre, and hence she is bound to pay the price named, though the quantity was deficient, and for this the case of *Kerr* v. *Kuykendall*, 44 Miss. 137, is relied on. In that case it is admitted that a different result would have been reached if it could have been shown that the land had been sold by the acre. In the case at bar the sole evidence is of a sale by the acre. The sale by title bond, and not by the deed, controls. The

first governs and fixed the rights of the parties. The reception and recording of the latter, which did not follow the bond for title, is explained. The evidence being uncontradicted, the court below properly held that nothing was due on the notes.

*Judgment affirmed.*